## WELLS *v.* PIERCE.

### December, 1866.

Although the assignee of one, who, by his own false representations was estopped from setting up against a mortgage made by him an outstanding title, is likewise estopped,—he is not precluded from purchasing such outstanding title, and then setting it up against the mortgage.

The statute limitation against an action to redeem does not impair the right of the party, if in legal possession, to defend his possession.[*]

A purchaser of land at its sale on the foreclosure of a junior mortgage can not recover possession against the owner of the equity of redemption of the prior mortgage in possession as such, although by the lapse of time the latter could not maintain an action to redeem.

Charles F. Wells and M. Montgomery sued Francis Pierce, in the supreme court, in an action in the nature of ejectment, for fifty acres of land, and damages for withholding it. One Sweet,

---

[*] See Miner *v* Beekman, 14 *Abb. Pr. N. S.* 1.

who was the common source of title, conveyed the land, in 1839, to Daniel Fuller, and gave him possession, taking at the same time from him a purchase-money mortgage which was subsequently assigned to one Parish. In 1846, Daniel Fuller surrendered possession of the land to Parish, the holder of the mortgage; and Parish, in 1852, represented to one Newton that he was owner of the premises in fee, and he mortgaged them to Newton for a loan of seven hundred dollars, obtained on the faith of that representation. This second mortgage was assigned to one Guernsey, who, in 1857, brought an action to foreclose it, making Parish a defendant. At the sale in this foreclosure suit the premises were purchased by the present plaintiffs.

Pending the foreclosure suit, Parish assigned the prior mortgage to Asa Fuller, in payment of a pre-existing debt, and at the same time gave him possession—Asa Fuller having notice of the junior mortgage. Asa Fuller then obtained from Daniel Fuller a quit claim of the premises, and finally, after judgment and sale in the foreclosure suit, he conveyed the premises to the defendant Pierce, who was then already in possession.

The purchasers at the foreclosure sale now brought this action to recover possession.

*The supreme court,* held, in an opinion by Grover J., that Asa Fuller, never having been under any obligation to restore possession, was not estopped. That although by 2 *R. S.* 312, § 57, the mortgagee can not gain possession by action without foreclosure, he may, if in possession, defend it. Van Duzer *v.* Thayer, 14 *Wend.* 233, and that when Asa Fuller, being in possession received a deed from Daniel, his subsequent possession was under that title; and the fact that a remedy he had no need to resort to was barred by the statute, did not prejudice him.

*C. Tucker,* for plaintiff, appellant;—cited, Jackson *v.* Scissam, 3 *Johns.* 499; Dezell *v.* Odell, 3 *Hill,* 216; Van Duyne *v.* Thayre, 14 *Wend.* 235, 236; Chaut. Co. Bank *v.* Risley, 4 *Den.* 486; Carver *v.* Jackson, 4 *Pet.* 87; Jackson *v.* Parkhurst, 9

*Wend.* 209 ; Penrose *v.* Griffith, 4 *Bin.* 231 ; Wardell *v.* Howell, 9 *Wend.* 170 ; Root *v.* French, 13 *Id.* 570 ; Ray *v.* Birdseye, 5 *Den.* 619 ; aff'g 4 *Hill*, 158 ; Calkins *v.* Calkins, 3 *Barb.* 306 ; 2 *R. S.* 302, § 52 ; *Code*, 132 ; Murray *v.* Winter, 1 *Johns. Ch.* 566.

*George Barker*, for defendant, respondent ;—cited, Waring *v.* Smyth, 2 *Barb. Ch.* 119 ; Denton *v.* Nanny, 8 *Id.* 621 ; 15 *Johns.* 319 ; 2 *R. S.* 408, § 58, 3d ed.; Stewart *v.* Hutchins, 13 *Wend.* 485 ; S. C., 6 *Hill*, 143.

BY THE COURT.—JAMES C. SMITH, J.—The defendant is entitled to judgment, on the strength of his legal title derived from Daniel Fuller, unless he is estopped, as the plaintiffs claim, from setting up such title in this action.

Upon that point, the plaintiffs argue that, as Parish, having represented to Newton, when he executed to him the mortgage upon the premises in dispute, that he owned such premises in fee, was estopped, as against Newton, from denying that he owned the fee, and that it was covered by the mortgage, it follows, that the defendant, being the vendee of Asa Fuller, who entered into possession of the premises under Parish, is equally bound by such estoppel, as against the plaintiffs, who, having purchased at the foreclosure sale, have succeeded to all the rights of Newton, as mortgagee. This argument would be unanswerable, if the defendant and his grantor, Asa Fuller, had no other title to the premises, than that which the latter derived from Parish.

But that is not the defendant's position. All that Asa Fuller acquired from Parish was an assignment of the Sweet mortgage, and the possession of the premises. His rights, as such assignee, while he held possession under the mortgage alone, were undoubtedly subject to the equities of Newton. But he subsequently bought in the equity of redemption, as he had a perfect right to do. The effect of such purchase was to merge in the fee his rights as mortgagee, and from that time he held possession as the owner of the legal title, which, while it was in the hands of his vendor, Daniel Fuller, was not affected by the rights and equities of Newton, and so continued after Asa

Fuller acquired it, and after he transferred it to the defendant.

It is further claimed, however, by the plaintiffs, that Parish, when he put Asa Fuller in possession, was in legal effect, the owner in fee of the land; that, as he had then been in possession, as mortgagee, ten years and more, after the mortgage debt became due, the equity of redemption was barred by the statute of limitations, and Parish, therefore, had a title that could not be defeated by redemption, and was perfect as against Daniel Fuller; and that such title passed, under the Newton mortgage, to the plaintiffs by their purchase at the foreclosure sale.

In order to test that position, it is proper to regard the plaintiffs as having acquired the right of Parish, as assignee of the Sweet mortgage, before he assigned it to Asa Fuller; which is the most favorable aspect for the plaintiffs in which the case can be viewed. If, in such case, they were now in possession, and the defendant, being the owner of the equity of redemption, were seeking to redeem, he would, apparently, be barred by the statute; or, if he sought to recover possession, they could defend, as mortgagees in possession after forfeiture. But, although the plaintiffs, if in possession, might defend as mortgagees, they can not, on that ground, recover possession; their only remedy is by foreclosure and sale. On the other hand, although the defendant would be barred by the statute, if he should bring an action to redeem, he is under no necessity of resorting to that remedy, and his inability to avail himself of it, if he should attempt it, does not affect his legal right to retain the possession. The statute cuts off the particular remedy merely.

In any view of the case, the defendant's possession, fortified as it is by the legal title, can not be disturbed in this action.

The judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.